UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSCAR FIORENZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 22-cv-695 |
| ) | |
| MENARD, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Plaintiff Oscar Fiorenzo tripped and fell while shopping at Defendant Menard, Inc.'s ("Menard") Glendale Heights, Illinois store. This action for negligence and premises liability ensued, and Menard now moves for summary judgment under Federal Rule of Civil Procedure 56. For the reasons stated below, Menard's Motion is granted.

## BACKGROUND

In resolving a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The following facts are taken from the record and are undisputed unless otherwise noted.

On September 12, 2020, Fiorenzo visited the Glendale Heights Menards in search of wood. He selected what he wanted from inside the store, but needed it cut down to size. Fiorenzo pushed his cart outside of the store and headed toward the

lumber shed. When he got to the entrance of the lumber shed, Fiorenzo took a piece of wood from his cart and began to carry it inside. As he turned into the lumber shed, Fiorenzo tripped and fell on a step[1] between the ground and the shed.

Fiorenzo did not look down or see the step before he tripped. If he had, he would have stepped over or around it. Fiorenzo testified that because he was looking forward, he assumed that a concrete edge did not exist. Fiorenzo is not aware of anyone else tripping like he did.

In September 2020, the step looked like this:



---

[1] The appropriate descriptor of what caused Fiorenzo to trip is a hotly contested issue. Menard says it's a "step", while Fiorenzo vacillates between "defect", "deviation", "height differential", or, most frequently, "concrete edge". For ease and clarity, the Court will use "step".



Mike Russell, the General Manager of the Glendale Heights Menards, did not anticipate a guest would not recognize the step as such and trip over it. Russell expected guests, team members, and vendors to recognize the step as a step and navigate up or around it. As part of his position as General Manager, guest and team member complaints would make their way up to Russell, but he had never heard of anyone—including a guest, team member, or vendor—complaining about or tripping on the step Fiorenzo encountered.

Brandon Perone is the Outside Yard Receiving Manager for the Glendale Heights Menards and a six-year veteran of the store. Menard's team members are trained to remain vigilant and address potential hazards upon reasonable notice. In keeping with that charge, Perone would, from time to time, walk the outside yard to make sure that

it is in good condition. Perone never recognized the step as a hazard, nor is he aware of anyone else tripping or falling (or nearly tripping or falling) in the area of Fiorenzo's accident. Perone does not believe Menard could have done anything differently to prevent Fiorenzo's fall.

After Fiorenzo's fall, Russell directed Menard employees to apply yellow paint around the step and placed a warning cone on the site. He also decided to have a contractor relay the concrete to remove the height differential.

## **LEGAL STANDARD**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (cleaned up). In doing so, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable

4

trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.* (citation omitted).

## DISCUSSION

To succeed in a premises liability action, Fiorenzo must prove ordinary negligence, as well as: (1) the existence of a condition that presented an unreasonable risk of harm; (2) that Menard knew, or reasonably should have known, of the condition and the risk; and (3) that Menard could have reasonably expected that people on the premises would not realize, would not discover, or would fail to protect themselves from the danger. *Garcia v. Goetz*, 2018 IL App (1st) 172204, ¶ 31; *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017).

Menard argues it is entitled to summary judgment for three reasons. First, the step did not present an unreasonable risk of harm. Second, there is no evidence that Menard had notice that the step posed a hazard. And third, the step posed an open and obvious condition, so Menard had no duty to guard against Fiorenzo's accident.

### I. Unreasonable Risk of Harm

"A plaintiff must prove more than a risk of harm existed; the risk must have been unreasonable." *Grossman v. Menard, Inc.*, 2018 WL 4563071, at *2 (N.D. Ill. 2018) (citing *Van Gelderen v. Hokin*, 2011 IL App (1st) 093152, ¶¶ 18, 19). An unreasonable risk of harm refers to dangers that are "hidden, unusual, or not to be expected." *Id.* (cleaned up). Any step or curb or change in height in an area where people commonly traverse presents a tripping hazard—it's a simple fact of life. *See Walters v. JS Aviation,*

5

*Inc.*, 81 N.E.3d 1160, 1163 (Ind. Ct. App. 2017) ("Steps and stairs are an everyday occurrence, and invitees are generally expected to see them and know how to use them."). Whether the change in height is transformed into an *unreasonable* risk can depend on the character, location, visibility, or surrounding conditions. *Id.*

Here, Menard argues Fiorenzo has not come forth with any evidence that there was anything unusual about the step. Fiorenzo attempts to focus on the "broken, crumbling, and uneven" nature of the step, but the step is hardly crumbling; it is simply missing several chunks of concrete. There is no evidence that the missing chunks of concrete made the step any more dangerous, made it harder to see the step, or that the missing concrete caused Fiorenzo to trip. There is no evidence of poor lighting conditions, and the height differential between the pavement and the concrete is not slight. Additionally, while the step itself is not painted yellow, there is a clear change from asphalt to concrete and there is a bright yellow line somewhat close to the step, calling attention to the area.

Furthermore, Menard employees testified they were aware of the step but did not view it as a hazard. There is no evidence of any customer ever tripping or falling or injuring themselves as a result of the step, and there is no evidence any customer or Menard employee complained about the step and the risk it posed.

We do not think that reasonable minds could differ; the step did not present an unreasonable risk of harm.

## II. The Duty Analysis

Even if we were to conclude that the step posed an unreasonable risk of danger and that Menard had notice of that danger, summary judgment is still appropriate because that danger was open and obvious and Menard did not owe a duty of care.

Under Illinois law, to recover on a negligence claim, the plaintiff must establish the existence of a duty owed by the defendant, a breach of that duty, and an injury proximately resulting from that breach. *Dunn v. Menard, Inc.*, 880 F.3d 899, 906 (7th Cir. 2008) (citing *Wilfong v. L.J. Dodd Constr.*, 401 Ill. App. 3d 1044, 1051 (2d Dist. 2010)). The existence of a duty is a question of law. *Id.* Four factors are relevant to this analysis: "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 14.

The open and obvious doctrine is an "exception to the general duty of care owed by a landowner." *Dunn*, 880 F.3d at 906 (citing *Park v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 2011 IL App (1st) 101283, ¶ 12). The exception exists because "persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Bucheleres v. Chi. Park Dist.*, 171 Ill. 2d 435, 447–48 (1996); *see also Ward v. K Mart Corp.*, 136 Ill. 2d 132, 148 (1990) ("Certainly a condition may be so blatantly obvious and in such position on the defendant's premises that he could not reasonably

7

be expected to anticipate that people will fail to protect themselves from any danger posed by the condition."). The open and obvious doctrine implicates the first two factors of the duty analysis. *Dunn*, 880 F.3d at 906. When the doctrine applies "[t]he open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks." *Bucheleres*, 171 Ill. 2d 435 at 448.

Whether a hazardous condition is open and obvious is an objective inquiry. *McCarty v. Menard, Inc.*, 927 F.3d 468, 471 (7th Cir. 2019). The question is would a reasonable person with Fiorenzo's knowledge of the situation appreciate and avoid the hazardous condition? *Dunn*, 880 F.3d at 908. Courts can determine if a condition is open and obvious as a matter of law when there are no material disputes concerning the condition's physical nature. *Bruns*, 2014 IL 116998, ¶ 18.

Fiorenzo argues there is a dispute about the nature of the condition, but we disagree. The physical characteristics of the step are not in dispute. The record contains photographs which both parties agree fairly and accurately depict the area of Fiorenzo's fall. Even drawing all reasonable inferences in Fiorenzo's favor, we think there can be no dispute that, to the extent the step can be considered a hazard, it was an open and obvious one. A reasonable person exercising care to look where they walked would

8

have seen the step and appreciated it as a tripping hazard—Fiorenzo himself testified that if he had seen the step, he would have avoided it.[2]

Even so, Fiorenzo argues that, in the event of a finding that the step was open and obvious, the distraction exception applies. The distraction exception applies "where the possessor [of land] has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." *Bruns*, 2014 IL 116998, ¶ 20 (alteration in original). "[T]he distraction exception will only apply," however, "where evidence exists from which a court can infer that plaintiff was actually distracted." *Id.* ¶ 22. And, "the mere fact of looking elsewhere does not constitute a distraction." *Id.*

In *Ward*, the case upon which Fiorenzo hangs his hat, a customer was injured when he walked into a five-foot tall concrete post located just outside the exit of a home center section of a K Mart store. 136 Ill. 2d at 153–54. At the time of the injury, the customer was carrying in front of him a large mirror that he had just purchased, and his vision was obscured by the mirror. *Id*. at 154. The Illinois Supreme Court held that it was "reasonably foreseeable that a customer would collide with the post while exiting defendant's store carrying merchandise which could obscure view of the post." *Id.*

Here, it is undisputed that Fiorenzo was not looking at the ground as he entered the lumber shed. Rather, his attention was forward as he carried the wood into the shed.

---

[2] Tellingly, Fiorenzo offers no argument that a reasonable person would not find the step open and obvious. Instead, Fiorenzo argues that the step was not open and obvious *to him*. But that's not the standard.

9

Fiorenzo argues that it was reasonably foreseeable to Menard that, while entering the lumber shed, customers may be carrying bulky items such as the long piece of wood trim Fiorenzo carried. "Even if the defect where he fell was obvious, his preoccupation with carrying the large item rendered him unable to appreciate the condition." Dkt. # 31, at 7. This is not an unreasonable position to take.

But, again, it's not Fiorenzo's appreciation of the risk that matters, it is that of a reasonable person. Menard argues Fiorenzo has not put forth any evidence from which a jury could conclude he was *actually* distracted, or that his view was obstructed in any way. We agree. The video evidence shows that Fiorenzo had the wood trim on his right shoulder as he approached the lumber shed, and his left foot snagged the step as he walked by. Fiorenzo did not testify that his vision was obscured by the wood, only that he was looking forward and not down. He did not testify that his attention was focused on anything but entering the lumber shed.

Simply carrying an item—even a bulky one—does not mandate application of the distraction exception; the plaintiff must actually be distracted. *See*, *e.g.*, *Belluomini v. Stratford Green Condo. Ass'n*, 348 Ill. App. 3d 687, 695 (2d Dist. 2004) (rejecting argument that distraction exception applied because the plaintiff was carrying a garbage bag at the time of the accident; "[W]hile we note that it was foreseeable that a person traversing the entryway to plaintiff's building would be distracted as a result of carrying a vision-obscuring parcel, we agree . . . that the distraction exception does not apply here because there is no evidence that plaintiff was actually distracted."); *Lorsbach v.*

10

*Pioneer Rests., LLC*, 2018 WL 1090129, at *5 (S.D. Ill. 2018) (the fact that individuals using a certain path may become distracted by things they were carrying "alone do[es] not constitute an actual distraction."); *Ward*, 136 Ill. 2d at 153 ("We may well have arrived at a different conclusion . . . if the plaintiff would not have been carrying any vision-obscuring bundle.").

Again, Fiorenzo does not claim he was distracted. He merely argues that it is reasonably foreseeable that a customer *could be* distracted. While we agree that it is foreseeable that a customer carrying large pieces of wood into the lumber shed could be distracted if their vision was somehow obscured by the product, we conclude that the distraction exception does not apply here because there is no evidence of *actual* distraction. See *Belluomini*, 348 Ill. App. 3d at 695.

Moving on, while we conclude the step was open and obvious, the existence of an open and obvious hazard is not an absolute bar to finding a premises owner's legal duty. *McCarty*, 927 F.3d at 472. We must also assess whether Menard owed a duty of care to Fiorenzo applying the traditional duty analysis. See *Dunn*, 880 F.3d at 909–10. The first two factors of the duty analysis favor Menard. Because the risk was open and obvious, the injury was not reasonably foreseeable and the likelihood of injury was slight. Thus, these factors weigh against the imposition of a duty.

Next we consider the third and fourth factors—the burden that Menard would incur and the consequences of imposing that burden. In assessing the burden of "guarding against" potential harm, *Dunn*, 880 F.3d at 906, a court should not frame the

inquiry in terms of conceivable eventuality; instead, it must consider the burden of protecting against a reasonably foreseeable injury. *See Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 652 (7th Cir. 2014) (declining under Illinois law to impose duty of "continuous monitoring and patrolling of a store's safety conditions" because doing so would be too burdensome) (citing *Howard v. Wal–Mart Stores, Inc.*, 160 F.3d 358, 359 (7th Cir. 1998) (same)).

After Fiorenzo's fall, Menard employees applied yellow paint around the step and placed a warning cone on the site, and then a contractor relayed the concrete to remove the height differential. "Although subsequent remedial measures are not admissible to prove the defendant's negligence, such evidence may be admitted to show the feasibility of remedying an otherwise dangerous condition." *Lundquist v. Nickels*, 238 Ill. App. 3d 410, 429 (1st Dist. 1992). Painting a curb or a step yellow hardly seems overly burdensome. Relaying the concrete, however, is a much more costly and labor-intensive task. Menard should not have to make its entire property free of curbs or steps. *Richardson v. Vaughn*, 251 Ill. App. 3d 403, 409 (1993) ("Defendants should not be confronted with the impossible burden of rendering their premises injury-proof . . . they are entitled to the expectation that their patrons will exercise reasonable care for their own safety.").

Even though the burden of placing a cone and some yellow paint here and there could be considered slight, the latter two factors of the duty analysis rarely outweigh the first two factors when the open and obvious doctrine applies, and courts regularly

12

hold that a defendant has no duty of care when the doctrine comes into play. *See Burns v. Sherwin-Williams Co.*, 2022 WL 4329417, at *12 (N.D. Ill. 2022) (collecting cases); *Bujnowski v. Birchland, Inc.*, 2015 IL App (2d) 140578, ¶ 55 ("No published premises-liability negligence case that we have found held both (1) that the open-and-obvious rule applied without exception and (2) that the defendant nonetheless owed the plaintiff a duty."). We hold the same here.

## CONCLUSION

For the foregoing reasons, Menard's Motion for Summary Judgment [23] is granted. Judgment is entered in favor of Menard. Civil case terminated.

It is so ordered.

Dated: May 18, 2023

_____
Charles P. Kocoras
United States District Judge